PARKER VAN DUSEN v. THE STATE.

*No 608.   Decided May 11.*

1. **Slander—Continuance—New Trial.**—On a trial for slander, where the slander was a statement by defendant that he had caught a venereal disease from the prosecutrix, and defendant made an application for continuance to prove by the absent witness, who was a physician, that as such he had, about the time of the purported slander, examined the prosecutrix, and that she had such disease, which application was overruled, and subsequently during the term the said absent witness made an affidavit, which was filed, stating that he had examined the prosecutrix and that she had no such disease, and he had never known of her having such disease, *Held*, the motion for new trial was properly overruled, since appellant was not injured by the refusal of the continuance.

2. **Same—Gist of the Offense.**—In prosecutions for slander, the gist of the offense is the imputation of want of chastity on the part of the female.

3. **Same—Evidence of Distinct Acts of Unchastity with Other Men—Construction of Statute.**—On a trial for slander, where the court excluded evidence,

over objection of the defendant, to the effect that the several witnesses had each, prior to the alleged slander, had carnal intercourse with prosecutrix, *Held*, that the evidence was admissible, and that article 646 of the Penal Code, by providing that, as justification, defendant may show the truth of the slanderous imputations by proof of " general reputation " of the prosecutrix for chastity, is not a limitation upon nor restrictive as to the character of the proof which may be adduced to show want of chastity. Patterson v. The State, 12 Texas Criminal Appeals, 459, disapproved.

APPEAL from the County Court of Dallas. Tried below before Hon. T. F. NASH, County Judge.

This appeal is from a conviction for slander, the punishment being assessed at a fine of $100. The opinion sets out the charging portions of the information.

No general statement necessary.

Defendant proposed to prove by several witnesses, separate and distinct acts of carnal intercourse by the prosecutrix, Katie Lynch, with other parties, before the alleged slander; which evidence the court refused to permit to be introduced. And in the fourth paragraph of the charge the court instructed the jury, that "any evidence offered, or attempted to be offered, by the defendant to show that Katie Lynch had sexual intercourse with other parties than the defendant himself, will not be considered by you, as the same would not be legal evidence."

*Stillwell H. Russell*, for appellant.

*Mann Price*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—The appellant in this case was tried and convicted on an information charging him with slander, and his punishment assessed at a fine of $100, and from the judgment below he prosecutes this appeal.

The appellant in this case asked to continue the case on account of the absence of witness Dr. E. H. Ayres, alleged to having been living then in Bell County. The witness had formerly been attached, and his bond was in court, and he was in attendance on the court at a former term, but he was not present at this term. He proposed to prove by the witness Ayers, as stated by him, that about the time of the alleged slander he had examined the prosecutrix, Katie Lynch, to ascertain whether or not she had a venereal disease, and that she had such disease. The court overruled the application. The appellant also made a motion for a new trial, on the ground that by the overruling of his motion for a continuance he had been deprived of the testimony of said Dr. Ayers. The court overruled the motion. The appellant took a bill of exception thereto. In connection with the bill, and as a part thereof, the trial judge explained he had good reason to believe that the witness Ayres would not testify as alleged; and there is subsequently attached, as part of the record of this case, an affidavit

of said witness Ayres, stating that he had examined the prosecutrix, Katie Lynch, directly after the party Van Dusen is said to have slandered her by saying that he had "caught a dose of clap" from her, and that upon such examination he ascertained that she had no such disease, and that he never had at any time known of her having such disease. This affidavit appears to have been filed some days after the motion for a continuance had been overruled, but during the term of court. If the defendant had procured and filed an affidavit from said witness, showing that said Katie Lynch at the time had such venereal disease, it would have been very material in his behalf, and he might have, in connection therewith, renewed his application for a new trial of said cause. Said affidavit was filed during the term, and shows very conclusively that it was not true, as alleged by appellant, that he could prove the facts stated in his application by said witness Dr. Ayers, and it shows conclusively that the appellant suffered no injury on account of the absence of said testimony.

The appellant also assigns as error the ruling of the court in excluding the testimony of Albert Ricks, Fred Wolsey, and G. B. Willingham, by whom it was proposed to prove, on the part of the defendant, that they each had had, prior to the time of the language imputed to appellant, carnal intercourse with the said Katie Lynch, and further to prove, that they each personally knew her to be unchaste. The indictment in this case charges, that the appellant "did unlawfully, orally, falsely, maliciously, and wantonly impute to Katie Lynch a want of chastity, to wit, that the said appellant did then and there, in the presence of Tom Tunstall and divers other persons, say, concerning the said Katie Lynch, that he, the said Parker Van Dusen, caught his dose of clap from Katie Lynch, meaning thereby that said Parker had had intercourse with the said Katie Lynch, and contracted a venereal disease commonly known as 'clap' by sexual intercourse with said Katie Lynch, and said Katie Lynch was unchaste." The gist of this offense is the imputation of the want of chastity on the part of the female alleged to have been slandered, and article 646, Penal Code, provides: "In any prosecution under this chapter, it shall not be necessary for the State to show that such imputation was false, but defendant may in justification show the truth of the imputation, and the general reputation of the chastity of the female alleged to have been slandered may be inquired into." This question came up in Patterson v. The State, 12 Texas Criminal Appeals, 459, and it was there held, that the defendant could only deny the truth of the alleged slanderous words by direct evidence as to the alleged transaction, and by proving the general reputation of the female for want of chastity; that he could not prove distinct acts of unchastity between the female and other persons. But in Duke v. The State, 19 Texas Criminal Appeals, 14, following Wagner v. The State, 17 Texas Criminal Appeals, 554, where the charge of slander consisted in an allegation that the defendant had said of the prosecutrix that she was a

whore, where the proposition was on the part of the defendant to prove by three witnesses that they knew that the prosecutrix and one John Baker, in January, 1884, had illicit carnal intercourse with each other, and that the said witness had informed the defendant of his knowledge of the fact prior to the time he made the alleged imputation that she was a whore. In passing upon the action of the lower court in excluding this testimony, the same learned judge who had decided the previous case of Patterson v. The State uses this language: "Every act of unlawful commerce would tend to establish the charge [that the female was a whore], and consequently would be legitimate and admissible evidence." "We think the proposed evidence was relevant, and that it was material error to reject it. It is true that this rejected evidence would not of itself establish the truth of the imputation that the female was a whore. But it tended in that direction, and should have been allowed to go before the jury, to be considered by them in connection with all the other evidence in the case." Furthermore, we think it was admissible upon the issue of the intent of the defendant in uttering the imputation. To constitute this offense, the slander must be either malicious or wanton. In the language of this court in the case of McMahan v. The State, 13 Texas Criminal Appeals, 220: "The evidence, therefore, became important in determining the intent of the defendant in uttering the alleged slander, and whether he did so maliciously or wantonly, or whether he did so having good reason to believe it was true."

We are constrained to regard the latter decision as a modification of the rule laid down in the Patterson case. As said before, the gravamen of the charge in the case before us is that the defendant, by the words used, imputed a want of chastity to the alleged injured female, and that he did so "maliciously or wantonly," and thus slandered her; and in our opinion, any evidence that would show a want of chastity in the female alleged to have been slandered would be competent evidence. If she had had intercourse recently with other men, and that fact could be shown, it would render her unchaste, and so not the subject of a slanderous accusation. Besides, it would be proof that would tend to render probably true the words used, or shed light upon that issue; and the fact that the statute (section 646) before quoted authorizes proof of general reputation for chastity of the female alleged to have been slandered, we do not regard as a limitation upon any other mode of proving the same fact. A woman may be unchaste, and still have no reputation for unchastity; and can it be said that such a woman is the subject of slander? Certainly not. But while this is admitted, it is insisted, that because the statute has authorized one mode of proving a party charged with slander is unchaste, nevertheless, with abundance of evidence of the fact that such woman is unchaste, the accused will not be permitted to prove the same by any other mode. Such a rule would, in our opinion, be unjust and unreasonable. To illustrate: Suppose A is charged with having said of

B, a female, that C had had intercourse with B, thus imputing to her, the said B, a want of chastity. Suppose that B had recently come into the neighborhood, had made no reputation, but that it could be shown that a number of persons had had carnal intercourse with the said B. Suppose, further, that A could prove by no one but himself the act of intercourse between B and C, and as to this he should be confronted with the testimony of both B and C. Now, if he could prove by twenty witnesses that C and B had recently had carnal intercourse with each other, should not A be permitted to introduce this evidence? This would ordinarily appear reasonable. But because of an arbitrary rule of evidence, it is insisted that A must be deprived of all this proof, and must be convicted of slander, because he has imputed a want of chastity to such a person, and this, too, while he has other evidence, directly bearing upon the chastity of the alleged injured female, but which he will not be permitted to offer, because it is not evidence of reputation. Such a doctrine, in our opinion, would deprive him of evidence to which he is entitled, and a denial of which would be an outrage upon his rights. The court not only refused to admit the testimony of said witnesses, as before stated, but gave a charge to the jury to the effect that such testimony would not affect the question, and should not be considered by the jury; which was excepted to.

It is not necessary to notice other matters urged, but for the error of the court in the exclusion of said testimony, and the charge given in regard thereto, the case is reversed and remanded.

*Reversed and remanded.*

Judges all present and concurring.