## J. R. McDonald v. The State.

### No. 3034. Decided February 25, 1914.

**1.—Slandering Female—Allegation and Proof—Variance.**

Where, upon trial of slandering a female, there was a material variance between the allegation and the proof, and it may be seriously doubted if a part of the alleged slanderous language is sufficient to charge an offense, the judgment must be reversed and the cause remanded. Following Simer v. State, 62 Texas Crim. Rep., 514.

**2.—Same—Confidential Communications.**

Where, upon trial of slandering a female, part of the communication between defendant and the husband of prosecutrix was a confidential communication, the same could not be made the basis of such prosecution.

**3.—Same—Language Must Be False and Malicious—Evidence.**

In a prosecution for slandering a female, it is necessary to show that the language imputing a want of chastity to a female was falsely and maliciously or falsely and wantonly made by the accused without justification, etc., and it was, therefore, error not to permit defendant to show that prosecutrix had told her husband that she had had sexual intercourse with other men prior to the alleged slanderous words by defendant.

**4.—Same—Evidence—Ill-will—Malice.**

Upon trial of slandering a female, there was no error in admitting testimony concerning declarations of defendant, soon after the alleged slanderous language was used by him, showing his ill-will towards her and his alleged malicious statements.

**5.—Same—Charge of Court—Singling Out Testimony—Weight of Testimony.**

Upon trial of slandering a female, it was error to charge the jury that the statement of a small number of persons as to reputation was insufficient to make a general reputation; especially if the small number testifying were influenced by the same persons or moved in the same business or social circles.

**6.—Same—General Reputation—Reasonable Doubt.**

Upon trial of slandering a female, it is not necessary under the law that defendant should establish beyond a reasonable doubt that the reputation of the female for chastity is bad; but it is sufficient if the jury believe from the evidence that her reputation is bad. Neither is it essential that the defendant shall establish the truth of the alleged slanderous statements, but merely that if the jury believe the truth of it, it is sufficient.

Appeal from the County Court of Matagorda. Tried below before the Hon. W. S. Holman.

Appeal from a conviction of slandering a female; penalty, a fine of $500 and ninety days confinement in the county jail.

The opinion states the case.

*Gordon Lawson* and *Linn & Austin,* for appellant.—On question of variance: Simer v. State, 62 Texas Crim. Rep., 514, 138 S. W. Rep., 3; Woods v. State, 58 Texas Crim. Rep., 103, 124 S. W. Rep., 918; Roberts v. State, 51 Texas Crim. Rep., 27, 100 S. W. Rep., 150; West v. State, 71 S. W. Rep., 967; Neely v. State, 23 S. W. Rep., 798; Barnett v. State, 33 S. W. Rep., 340; Robinson v. State, 60 Texas Crim. Rep., 592, 132

S. W. Rep., 944; Frisby v. State, 26 Texas Crim. App., 180; Humbard v. State, 21 id., 200; Conlee v. State, 14 id., 222.

On question of confidential communications: Hix v. State, 20 S. W. Rep., 550; Davis v. State, 22 S. W. Rep., 979; Stayton v. State, 78 S. W. Rep., 1071; Rosenbaum v. Roche, 46 Texas Civ. App., 237, 101 S. W. Rep., 1164; Railway v. Richmond, 73 Texas, 568; Rude v. Nass, 24 Am. St. Rep., 717; Fresh v. Cutter, 25 id., 575; Beeler v. Jackson, 64 Md., 589; Billings v. Fairbanks, 136 Mass., 177; Middleby v. Effler, 118 Fed., 261; Hebner v. Railway, 79 Am. St. Rep., 387.

On question of want of malice: McMahan v. State, 13 Texas Crim. App., 220; Humbard v. State, 21 id., 200; Van Dusen v. State, 30 S. W. Rep., 1073.

On question of court's charge on weight of the evidence: Jones v. State, 13 Texas Crim. App., 1; Marks v. State, 10 id., 334; Loyd v. State, 19 id., 321; Veal v. State, 8 id., 474; Irvin v. State, 25 id., 588; Holmes v. State, 9 id., 313.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, Presiding Judge.—Upon the complaint of A. T. Whyman, the county attorney filed an information in both of which,— the complaint and information,—it was charged that appellant falsely, maliciously and wantonly did impute to Neva E. Whyman a want of chastity in that in the presence of A. T. Whyman, he said of Mrs. Whyman "that she was a woman of ill fame and that eight different parties had intercourse with her." The jury convicted appellant, assessing his punishment at a fine of $500 and ninety days in jail.

We will not give in full the evidence, nor specially discuss it, but will state only so much of it as is necessary to show the questions raised and decided.

Neva E. Whyman was the wife of said complainant, A. T. Whyman. He was a mail carrier in July, 1913, and on some occasions, it seems, his wife carried the mail in his place. On July 30th appellant wrote to Mrs. Whyman, stating, in effect, that he had given her 50 cents to mail a parcels post package which cost only 7 cents, and he demanded the return by her of the difference,—43 cents. In the letter he also said that it looked like a small matter to ask for the return of the 43 cents, but that it was not near as little as the way she had acted toward him and as she had no favors for him he had none for her; that when he heard bad reports about her, like a friend, he told her but by doing so he gained her everlasting enmity, and the last two times he was at her house she took particular pains to show it. He advised her not to attempt to carry the mail again and if she did she would meet with serious opposition which in all probability would cause her husband to lose his job. "You know the reason why." Mr. Whyman saw this letter before starting out on his mail route on July 31st. When he reached appellant's place he saw appellant off some thirty or forty yards working in his yard. He

called him out to him and asked him what was the trouble between him and his wife and why he had written said letter. The appellant, according to said Whyman's evidence, stated to him he hated to tell him but that he considered it right to do so, and thereupon he told said Whyman that his wife, Neva E. "had had intercourse with eight different parties." Whyman stated that appellant did not then tell him that his wife was a woman of ill fame.

Appellant's version of the matter is substantially this: That on July 31, 1913, when Mr. Whyman stopped at appellant's mail box he was at work in his yard and Whyman called to him to come out to the buggy, saying that he wished to talk to him; that he went out in answer to his call and Whyman asked him what was the trouble between him and his wife. "I replied that I did not wish to tell him what the trouble was, but that there was trouble enough, and I told him that it was her place to tell him, to which Mr. Whyman replied that he wanted me to tell him what it was. I replied to him that I did not want to tell him what the trouble was, but that if he wanted to know, I would tell him. Mr. Whyman replied that he thought it was my place to inform him fully in regard to this trouble. I then told him that I would only tell him what was true, and that if he believed that his wife was true to him, that he was the worst deceived man in Matagorda County. I told him that I had heard that his wife was having sexual intercourse with divers persons, and that one J. R. Wagoner had told me that eight different men had of their own accord told him that they had had intercourse with her, to which Mr. Whyman replied, "that he did not believe any man had had intercourse with her." That he then told Whyman that he himself had had intercourse with her; that Whyman stated that it was awful mean for him to do it and he told Whyman it was just as mean of her as it was of him; that Whyman then asked him how he had managed it, and he went into the details of the several acts of intercourse he had with Whyman's wife and how he had managed it and he detailed what had occurred and where.

Appellant introduced eleven different witnesses who testified that they each knew the general reputation of Mrs. Whyman in the neighborhood in which she lived, for chastity and virtue and that her reputation was bad. The State introduced a like number of witnesses who testified that each knew her general reputation in the particular mentioned and that it was good.

Appellant introduced some corroborating testimony which tended to support his testimony showing that he had sexual intercourse with Mrs. Whyman, and testimony by others tending to show a state of facts that showed she was not a chaste woman. The State introduced witnesses who flatly contradicted appellant in some of his testimony, but no one disputed what occurred between appellant and Mr. Whyman as to what occurred between them when appellant told Whyman about his wife.

Appellant makes the point that there is a fatal variance between the allegation and the proof. The allegation in the complaint and informa-

tion is clearly sufficient, without any innuendo, to show slander under our statute. But the proof is clear and positive that appellant did not use to Mr. Whyman the first part of the language charged, towit: "That she (Mrs. Whyman) was a woman of ill fame." We seriously doubt if the other language charged, towit: "That eight different parties had intercourse with her" is sufficient to charge an offense under our statute without an innuendo of what is meant thereby. It is true that it is well settled by our decisions that it is not necessary to prove the whole of the language charged, but that it is necessary that what of it is proven shall show the imputation of the want of chastity upon the female. Simer v. State, 62 Texas Crim. Rep., 514, and cases there cited. Under this decision we believe there is a fatal variance between the allegation and the proof.

Again appellant makes the point that the communication between appellant and Mr. Whyman, under the cirumstances as shown by the evidence was a confidential communication and that alleged could not be made the basis of a charge against appellant under our statute. This contention of appellant, in our opinion, is well founded. Davis v. State, 22 S. W. Rep., 979; Hicks v. State, 20 S. W. Rep., 550; Rosenbaum v. Rosche, 46 Texas Civ. App., 237, 101 S. W. Rep., 1164. We are not discussing that part of his communication to Whyman, that he himself had had sexual intercourse with Mrs. Whyman if false.

Appellant also complains that the court erred in refusing to permit him to testify in effect that Mrs. Whyman had told appellant prior to the said interview between him and Mr. Whyman that she had had sexual intercourse with others than her husband. Under our statute it is necessary to show that the language imputing a want of chastity to a female was falsely and maliciously, or falsely and wantonly made by the accused. P. C., Art. 1180. Also that in such prosecution the defendant may, in justification, show the truth of the imputation and the general reputation for chastity of the female alleged to have been slandered. P. C., Art. 1181. This being the case, the testimony of appellant on this point was admissible. McMahan v. State, 13 Texas Crim. App., 220; Van Dusen v. State, 30 S. W. Rep., 1073; Humbard v. State, 21 Texas Crim. App., 200.

In our opinion the other testimony objected to by appellant of other statements soon afterwards made by him concerning Mrs. Whyman and on some occasions cursing and abusing her was all admissible for a like purpose of showing his ill-will towards her and his wanton and malicious statements, if so, about her.

The court, in his charge, told the jury, among other things: "The statement of a small number of persons as to reputation is insufficient to make a general reputation especially if the small number testifying are influenced by the same persons or if they move in the same business or social circles." Appellant justly complains of this charge of the court. It is not the law and should not have been given. It is a clear comment upon the weight of the testimony.

The court also charged as follows:    "If on inquiry as to general reputation of the female, the evidence satisfies you beyond a reasonable doubt, that her reputation for chastity is bad in the community in which she lives, then you should acquit the defendant, or if you believe that the defendant has established the truth of the alleged statement, then and in that event you will also acquit the defendant." He also complains of this part of the court's charge. It is not necessary under the law that appellant should establish beyond a reasonable doubt the reputation of the female for chastity is bad, but it is sufficient if the jury believe from the evidence that her reputation is bad.   Also as a defense it is not essential that the defendant shall establish the truth of the alleged statement, but merely that if the jury believe the truth of it, it is sufficient.   The charge on this subject in effect should be that if the jury believe that the female's reputation for chastity is bad, etc., or they have a reasonable doubt about it appellant should be acquitted; or if the jury believe that the alleged statement is true, or they have a reasonable doubt of its truth, they should acquit appellant.

It is unnecessary to discuss any of the other questions raised in the case.   None of them present any reversible error.   For the errors above pointed out, the judgment is reversed and the cause remanded.

<div align="right">

*Reversed and remanded.*