## SAM RUSSELL v. THE STATE.

### No. 5291. Decided April 16, 1919.

**1.—Slander of Female—Charge of Court—Allegation and Proof—Other Transactions.**

While testimony of other similar statements at times other than that charged in the indictment, in the case of slander of a female is admissible, yet such other statements should be limited by the court's charge to the question as to whether the particular statement alleged in the indictment was wantonly and maliciously made, and that such statements must have been shown beyond a reasonable doubt were in fact made, before they can be considered by the jury.

**2.—Same—Charge of Court—Meaning of Language—Innuendo—Rule Stated.**

Where it becomes necessary to explain the language used by an innundo pleading, it is also necessary to prove that the language was so used and the meaning attached to same by the innuendo, and where this was not done, the same is reversible error.

**3.—Same—Evidence—Motive—Declarations of Defendant.**

Testimony to the effect that defendant told a witness that the alleged female had slighted him was admissible as showing his motive in making the alleged slanderous statement. Following McDonald. v. State, 73 Texas Crim. Rep., 125.

**4.—Same—Evidence—Bias of Witness—Limiting Testimony.**

While the bias of the witness could be shown by his acts in arming himself, etc., and which occurred in the absence of the defendant may have been admissible, yet the same should have been properly limited to that purpose in the court's charge.

Appeal from the County Court of Collingsworth. Tried below before the Hon. C. C. Small, judge.

Appeal from a conviction of slander of female; penalty, a fine of 500 and six months confinement in the county jail.

The opinion states the case.

*R. H. Templeton* and *Chas. L. Black,* for Appellant.—On question of other offenses: Denton v. State, 42 Texas Crim. Rep., 427.

*E. A. Berry,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—In this case appellant was convicted in the County Court of Collingsworth County of slander and his punishment fixed at a fine of $500 and six months in jail.

It was alleged in the indictment, in substance, that on or about April 15, 1917, the appellant did wantonly and maliciously impute a want of chastity to Alta Grigsby, in that in the presence of W. C. Benton, and divers other persons, he stated that one Flagal Stewart had "knocked up" said Alta Grigsby, then and there

meaning by the terms "knocked up" that said Alta Grigsby was pregnant by the said Flagal Stewart, etc.

On the trial of the case the State was permitted to introduce several witnesses who testified to different statements made by the appellant·at other and different times from that alleged in the indictment. It is strenuously urged that this was error. We are inclined to think in a case of slander, where one of the material issues is whether a particular statement charged in the indictment was wantonly and maliciously made, that testimony of other similar statements at times other than that charged in the indictment is admissible; but in such case it is the plain duty of the trial court to instruct the jury that they cannot consider such evidence of extraneous offenses for any other purpose than as affecting the question as to whether the particular statement charged was wantonly and maliciously made, and the court should go further and instruct them that they cannot consider such extraneous statements for any purpose whatever unless it has been shown to the satisfaction of the jury beyond a reasonable doubt that such statments were in fact made. We do not think the charge of the court properly restricted the purpose of this evidence on this trial.

The case would be reversed for the failure of the State to prove the meaning of the language used as set out in the *innuendo* clause of the indictment. It is the law of this State that where it becomes necessary to explain the language used, by an *innuendo* pleading, it is also necessary to prove that the language so used has the meaning attached to the same by the *innuendo*. This was not done in the instant case, as no proof was made as to what the language imputed to the appellant meant, or what the witness Benton understood by the same. Riddle v. State, 30 Texas Crim. App., 425; Frisby v. State, 26 Texas Crim. App., 180.

The evidence to the effect that appellant told a witness that Alta Grisby had slighted him is also admissible as showing the motive or malice of the accused in making the statement, if he did make the same, but should be restricted by the court to that purpose. McDonald v. State, 73 Texas Crim. Rep., 125, 164 S. W. Rep., 831.

We cannot say that the evidence as to the act of the witness J. W. Russell in arming himself and going to where the father of the prosecutrix lived and as to what took place there, is inadmissible as the same may serve the purpose of showing bias, interest and motive of said witness J. W. Russell, but inasmuch as this occurred out of the presence of the appellant, the effect of such testimony should be restricted by the court to the purpose for which it is admissible, and the jury should be told that they could not consider. the same as being otherwise against the appellant.

For the errors indicated, the judgment of the lower court is reversed and the cause remanded for a new trial.

*Reversed and remanded.*