ISAAC WELLS v. THE STATE.

No. 8696. Decided June 11, 1924.

Murder—Charge of Court—Amending Charge—Practice in Trial Court.

Where the point urged is that after amending his charge the court failed to submit it to counsel for appellant, but the record showed that the action of the court was a substantial compliance with the law, requiring that the charge of the court be exhibited to counsel before it is read to the jury, and a literal compliance thereof was waived, there is no reversible error.

Appeal from the District Court of Austin. Tried below before the Honorable M. C. Jeffrey.

Appeal from a conviction of murder; penalty, fifteen years imprisonment in the penitentiary.

The opinion states the case.

*C. R. Johnson, W. I. Hill* and *J. E. Edmondson,* for appellant.— Cited: Harris v. State, 76 Texas Crim. Rep., 126; Goode v. State, 75 id., 550; Abrigo v. State, 77 id., 285.

*Tom Garrard,* Attorney for the State, and *Grover C. Morris,* Assistant Attorney for the State.

MORROW, PRESIDING JUDGE.—The offense is murder; punishment fixed at confinement in the penitentiary for a period of fifteen years.

Appellant shot and killed Cad Thompson. The State's evidence is sufficient to establish the offense of murder.

Appellant testified in his own behalf and sought to excuse the homicide upon the ground of self-defense. He claimed that the deceased had a gun in his possession at the time he was shot. This was controverted.

The court instructed the jury upon the law of murder, manslaughter and self-defense.

Appellant requested two special charges. Neither was read to the

jury, but it appears from Bill of Exceptions No. 1 that the court prepared and delivered to the appellant's counsel for examination a charge in which the law of self-defense was embraced in the fourth paragraph. It contained no charge on the law of manslaughter. To it exceptions were addressed because of the silence of the charge touching manslaughter, and the presumption arising from the use of a deadly weapon embraced in Article 1106, P. C. Criticism was also made of the verbiage of the fourth paragraph. Upen examining these exceptions, the court decided to strike out paragraph 4 of his main charge and insert in lieu thereof appellant's special charge No. 1, which covered the law of self-defense, both on real and apparent danger, and also a charge on the presumption of intent to kill or do serious bodily injury, which would arise from the use of a deadly weapon by the deceased. This decision was called to the attention of the appellant's counsel, but invoked no objection to it. Appellant's counsel was also informed by the trial judge that after eliminating one paragraph of the charge on manslaughter, the remaining portions of the special charge would be given to the jury. Counsel declined to consent to the elimination. The court then wrote into his main charge all of the special charge on manslaughter except the paragraph that was objectionable, first informing counsel that it was his intention to do so, and against which there was no objection urged. The record contains a statement signed by counsel, taking issue with the explanation of the bill of exceptions. However, it is not verified by the trial judge and cannot be considered. The point urged here is that after amending his charge, the court failed to submit it to counsel for appellant. If we understand the record, the action of the court was a substantial compliance with the law requiring that the charge be exhibited to counsel before it is read to the jury. A literal compliance therewith was waived. Counsel examined the charge and suggested the corrections which he desired. After they were made by the court, counsel was informed that the charge had been amended in the particulars mentioned, and no objection was urged. In the unverified complaint, the point is made that the special charge which was inserted in the main charge in lieu of paragraph No. 4 was not the charge on self-defense. With this view we are not in accord. The jury appears to have been instructed upon both the law of manslaughter and self-defense in the language selected by appellant's counsel which seems to have been adequate to serve the purpose intended. The bill of exceptions, as qualified, do not reveal any arbitrary failure to comply with the requisites of the statute, Art. 735, C. C. P., demanding that the court's charge be submitted to counsel for the accused. The facts, in the judgment of this court, do not bring the case in line with Czernicki v. State, 85 Texas Crim. Rep., 169, 211 S. W. Rep., 224.

Finding no error, the judgment is affirmed.

*Affirmed.*