### J. H. MYRE v. THE STATE.

No. 16483.   Delivered February 28, 1934.
Rehearing Denied April 18, 1934.

158

The opinion states the case.

*J. Benton Morgan* and *L. D. Hartwell,* both of Greenville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, Judge.—Conviction for libel; punishment, one day in the county jail.

The affidavit and information sufficiently charge the offense of libel. The State's testimony supported the averment of circulation and publication of the document in writing set out in the information as libelous, by the testimony of various persons that appellant exhibited the document to them, and further testimony that it was read with appellant's consent in the hearing of others, which amounts to circulation. See article 1274, P. C. That the document necessarily conveyed the idea that prosecuting witness had been guilty of acts therein set forth, disgraceful to him as a member of society, and that same, in its natural sequence, tended to bring said witness into contempt among honorable persons,—is manifest, and no question as to the weight, effect and character of such statements in said document was raised on the trial. Said defamatory document consisted of the affidavit of a woman, in substance, that on two separate occasions she had gone to see said witness and he had taken her into a little room near his office in the Beckham Hotel in Greenville, Hunt County, Texas, and on each occasion had carnal knowladge of her. Appellant was his own only witness, and admitted that he had caused said document to be read in the presence of other people.

Appellant has many bills of exception, no necessity being observed for a discussion of each but all of which present the proposition that he had the right to prove the truth of what was said in the affidavit referred to; and that, as bearing on said question, he might introduce affidavits of other people relating to similar but separate occurrences. As we understand the record, appellant bases his claim of right to prove the truth of the statements circulated by him, upon the first of the four subdivisions laid down in article 1290, P. C.,—said subdivision one providing that the truth of a statement charged as libelous may be shown in justification "Where the publication purports to be an investigation of the official conduct of officers or men in a public capacity."

Regarding this, we have but to say that nothing in the affidavit charges that Mr. Daniels,—the person reflected upon,—was either an officer or a man acting in any public capacity; nor is there anything in same at all supporting the proposition that said document "Purports to be an investigation of the official conduct of an officer or a man in a public capacity." In other words, to enable appellant to offer in justification for his circulation of this libelous affidavit, proof of the truth of the

things contained therein which affected the reputation of Mr. Daniels, it would have to appear from the affidavit itself that it purported to be, or to have been made in an investigation of the official conduct of Mr. Daniels as an officer, or a man in a public capacity. There is nothing in the affidavit,—as above indicated,—which shows or even suggests such purport. It was not said therein that Greenville Social Service,—supposedly some group or body,—was a public organization or concern, nor that Daniels had any connection, official or otherwise, with such concern, nor that any investigation was being conducted of any official conduct of Daniels as a public official, or a man acting in a public capacity, or as a result of any connection of his with said concern or otherwise.

Without here entering into any discussion of the question as to who or what is meant by the expression "Or men in a public capacity," in the latter part of subdivision one of said article 1290, supra, we are forced to hold that because of the entire absence in the libelous document itself, as set out in the affidavit and information, of any statement or showing that Daniels was an officer, statutory or otherwise, and that the affidavit on its face does not purport to be an investigation of the official conduct of Daniels,—there was no error in the action of the trial court in declining to let appellant introduce proof, direct or circumstantial, to show the truth of the defamatory statements. The affidavits of other people as to acts on other occasions, offered in evidence by appellant, were clearly not admissible.

Nor did the trial court err, in the condition of the record, in giving the special charge asked by the State, telling the jury that the truth of the statements in the affidavit was not an issue in this case. If there be criticism by appellant of such holding, we can only say that the law is to be blamed,—for after enumerating the four instances in various subdivisions of article 1290, wherein the truth may be proved in justification of alleged libelous statements,—it is said: "In other cases the truth of the facts stated in the libel, can not be inquired into." Appellant does not bring himself within any of said four instances.

The trial court did not err in declining to give special charges seeking to have the jury told that they must view the matter from the standpoint of appellant, or that of a reasonably prudent person. We know of no such doctrine applicable in libel cases.

We have examined the other complaints of appellant in his brief and bills of exception, and think them not well founded.

Appellant seems to have armed himself with sundry defamatory affidavits, and proceeded to show them to various persons in the city of Greenville, and to have them read before religious gatherings and otherwise. We have examined the charge of the court, and think it not to be subject to the exceptions taken thereto.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant again insists that he was privileged to introduce evidence which tended to establish the truth of the matter alleged to have been libelous under the first subdivision of article 1290 P. C., which permits accused to show the truth of an alleged libelous statement, "where the publication *purports* to be an investigation of the official conduct of officers or men in a public capacity." He points out that in the libelous document it appears that the affiant thereto said appellant told her he had heard that she had been helped by the Greenville Social Service, and asked her how J. F. Daniels had treated her. Appellant claims that this shows from the libelous document itself that it *purported* to be an investigation which brings into operation section 1 of said article 1290 P. C. We are still unable to agree with such proposition. There is nothing in the libelous affidavit showing any relation between Daniels and the Greenville Social Service. Upon its face the document appears to be a libelous statement against an individual, in which case the law seems to be that however true the charges may be their publication provokes mischief to prevent which is the purpose of the libel law. If the libelous document could be considered in connection with other facts there might be something in the position taken by appellant, but the statute mentioned is controlling and this court has no power to modify or abrogate it. The case of Copeland v. State, 108 Texas Crim. Rep., 228, 300 S. W., 86, in no wise aids appellant on the point under consideration. The charges against accused there came under the second subdivision of article 1290 P. C. where the alleged libelous matter contained the statement that accused had been guilty of some penal offense, in which case the statute expressly permits proof that the charge was true.

Appellant now insists that affidavits other than the one upon which the libel charge is predicated were admissible in evidence because he claimed to have secured all of them in the course of an investigation of Daniels' administration of the social service

work in Greenville. As understood by us appellant's exact position is that after the State had introduced in evidence the affidavit upon which the libel charge was predicated appellant then had the right to introduce affidavits from other parties secured by appellant during his claimed investigation. Appellant seems to think such affidavits were admissible under article 728 C. C. P., which reads as follows: "When part of an act, declaration or conversation or writing is given in evidence by one party, the whole on the same subject may be inquired into by the other. * * *" No such reason was advanced at the time of the trial as making the other affidavits admissible, and if it had been we think the same untenable. Article 728 has no appliciation here.

The next proposition advanced by appellant is unique. It seems to be that, if under the statute appellant could not prove the truth of the alleged libelous statement as a matter of defense, he still should have been permitted to prove its truth on the question of his intent in publishing the libel; in other words, if true, he did not intend to injure. We confess our inability to following appellant's reasoning in the premises, and apprehend that he has confused the broad rule in cases of slander with the restricted rule in libel cases. Article 1293, P. C. denounces it an offense to impute to a female a want of chastity. Article 1294, P. C., relative to such offense reads: "It shall not be necessary for the State to show that such imputation was false, but the defendant may in justification show the truth of the imputation, and the general reputation for chastity of the female alleged to have been slandered may be inquired into." Under said statute it appears that in all cases of slander an accused in defense may prove the truth of such imputation, while in libel proof of the truth is available only in the exceptional instances named in the statute. (article 1290, P. C.). Why the Legislature made proof of the truth a defense in all slander cases, and not a defense in all libel cases, or whether such difference is wise, are questions which this court it not called upon to determine. In support of his proposition appellant cites the following authorities. McMahan v. State, 13 Texas App., 220; Van Dusen v. State, 30 S. W., 1073; Duke v. State, 19 Texas App., 14; Wagner v. State, 17 Texas App., 554; Jackson v State, 60 S. W., 963; Lefever v. State, 49 S. W., 383; McDonald v. State, 164 S. W., 831, and Copeland v. State, 108 Texas Crim. Rep., 228, 300 S. W., 86. The last case is inapplicable because the libel charged fell under another section of article 1290, P. C. as already pointed out. All the other cases were

prosecutions for slander where a different rule obtains as shown by article 1294, P. C. above quoted.

It is not thought necessary to discuss the other points urged by appellant in his motion for rehearing. They were all considered in the original opinion and we believe correctly disposed of.

The motion for rehearing is overruled.

*Overruled.*